IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**LOUIS J. OCEHLLO**                                                                                   **PLAINTIFF**

**VERSUS**                                                         **CIVIL ACTION NO. 2:10cv171KS-MTP**

**LIBERTY MUTUAL FIRE INSURANCE COMPANY**                  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion for Summary Judgment **[#55]** and a Supplemental Motion for Summary Judgment **[#63]** filed on behalf of the defendant, Liberty Mutual Fire Insurance Company ("Liberty"). The court, having reviewed the motion, the response, the briefs of counsel, the pleadings and exhibits on file and being advised in the premises, finds that the motion for summary judgment is well taken and should be granted. The court specifically finds as follows:

## BACKGROUND

This is a lawsuit for uninsured,/underinsured motorist benefits under an automobile insurance policy, No. A02-251-107898-f0 ("the Policy"), issued to Plaintiff Ochello by Liberty. Ochello's claim for uninsured/underinsured motorist benefits arises from two automobile accidents which occurred on September 23, 2005, and April 18, 2006. Both accidents involved vehicles under the subject Policy issued to Ochello. Ochello seeks unspecified compensatory and punitive damages by asserting claims of breach of contract and bad faith.

Specifically, Liberty received a report of the September 23, 2005 accident on September 27, 2005. The State of Mississippi Uniform Crash Report (UCR) completed by the Hattiesburg Police Department states that a contributing circumstance was an improper lane change by Ms. Sharon Coleman, the driver of the other vehicle involved in the accident. The UCR noted that there was "no"apparent improper driving" with regard to Ochello. The officer completing the UCR noted therein that there was "no proof of insurance" for Ms. Coleman. Liberty's adjuster interviewed Ochello on or around September 27, 2005, and Ochello told the adjuster the other driver had no insurance. On December 2, 2005, counsel for Ochello informed Liberty that Ochello had been "seriously injured in an automobile collision with an uninsured driver."

The Mississippi Highway Patrol worked the April 18, 2006 accident. The State Trooper noted that there was "no apparent improper driving" by Ochello but cited Joshua Raines, the other driver for "improper passing/overtaking." The UCR noted that Raines was insured by Farm Bureau and provided the policy number.

Shortly thereafter, Ochello obtained counsel to represent him with regard to this accident as well. Ochello's counsel contacted Raines on May 23, 2006, requesting information regarding his insurance. On June 16, 2006, Ochello's counsel wrote Trevor Hightower, Claims Representative for Mississippi Farm Bureau regarding the claim against Farm Bureau's insured, Raines. Counsel advised Hightower that Ochello had ruptured a disc and that Raines was at fault. Ochello's counsel concluded by stating, "Please advise me if your client has coverage limits under $100,000 so I can notify Mr. Ochello's underinsured carrier. " This letter was sent two days after Ochello's doctor advised that, "[Mr. Ochello] may need a two level ACDF." ACDF is an abbreviation for

anterior cervical discectomy and fusion.

On June 21, 2006, Farm Bureau responded by requesting copies of Ochello's medical records and stating, "After receiving these bills, if it appears that our limits are insufficient, I will promptly inform you of those limits. I realize the importance of notifying your client's carrier in the case of an underinsured claim." After four months passed and Ochello's counsel still had not sent them, Farm Bureau, on October 20, 2006, sent a letter to his counsel asking for, among other things, "an update on his injuries." Ochello's counsel finally sent the requested records on June 22, 2007.

Prior to sending the demand to Farm Bureau. medical records, Ochello made demand on Farm Bureau for $178,424.82, which began negotiations between Plaintiff and Farm Bureau. Subsequently, Farm Bureau tendered policy limits of $25,000 for injuries allegedly sustained by Ochello as a result of the 2006 accident. On February 19, 2008, without prior notification to or consent from Liberty, Ochello executed a Final Release and Settlement of Claim of the tortfeasors in exchange for the policy limits of $25,000. Only after Ochello had executed the release did his counsel advise Liberty of a potential settlement with Farm Bureau. However, counsel's letter is misleading because it asks Liberty to "Please advise as to your position thereon and if we can accept the same releasing the insured." However, the release was signed on February 19, 2008, well over three months prior to the letter from Ochello's counsel.

Ochello originally filed his Complaint in this matter on April 17, 2009 in the Circuit Court of Lamar County, Mississippi. However, due to his failure to timely serve process, the 2009 Complaint was dismissed without prejudice. Ochello filed suit again on May 17, 2010, in the Lamar County Circuit Court. Liberty removed the action to this court on

July 9, 2010.  The parties have participated in discovery and Liberty has filed the present motion seeking summary judgment.

## **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FRCP 56(c); and *see Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment.  *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role.  *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986).  "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment.  The dispute must be genuine, and the facts must be material."  *Id.*  "With regard to 'materiality', only those disputes over

facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987).  Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial.  *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552."  *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).  In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party.  *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion.  *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).  The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues.  *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden:  the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]."  *John*, 757 F.2d at 708.  "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion.  *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence.  *Ferguson v.*

*National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).  In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact."  *In Re Municipal Bond Reporting Antitrust Lit.* , 672 F.2d 436, 440 (5th Cir. 1982).  To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Fed.R.Civ.P.  *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'"  *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

In Mississippi, "a cause of action against an insurer for uninsured motorist benefits is an action sounding in contract."  *See Fid. & Guar. Ins. Underwriters, Inc, v, Sullivan*, 2005 U.S. Dist. LEXIS 2527, at *6 (N. D. Miss. Jan. 17, 2006).  A three  year statute of limitations applies to actions for breach of written contract.   *See id; see also Madison v, Geico General Ins. Co.*, No. 2009 CA-01723-COA, 2010 Miss. App. LEXIS 663 at *4 (Miss. Ct. App. Dec. 14, 2010); *Mitchell v. Progressive Ins. Co.*, 965 So.2d 579, 583 (Miss. 2007).  In the context o f uninsured/underinsured motorist coverage, "the statute of limitations accrues and begins running when the insured claimant knew or reasonably should have known that the alleged tortfeasor was an uninsured

motorist." *Sullivan*, 2005 U.S. Dist. LEXIS 2527, at *6.  Further, the Mississippi Supreme Court has held that the statute of limitations for an underinsured motorist claim "begins to run when it can be reasonably known that the damages suffered exceed the limits of insurance available to the alleged tortfeasor."  *See Madison*, 2010 Miss. App. LEXIS 663, at * 5, (citing *Jackson v. State Farm Mut. Auto. Ins. Co.*, 880 So.2d 336, 343 (Miss. 2004)); *see also Bolden v. Brooks*, 138 Fed. Appx. 601, 604 (5th Cir. 2005).

## ANALYSIS

With respect to the September 23, 2005 accident, it is undisputed that Ochello was aware of the fact that the other driver was uninsured shortly following the accident. Ochello acknowledged as mush in a recorded interview with a Liberty adjuster just days after the accident and then his counsel indicated the same in a letter to Liberty some three months later, on December 2, 2005.  Thus, Ochello's cause of action likely accrued on September 23 or 27, 2005 but certainly by his counsel's December 2, 2005 letter.  His first suit was filed on April 17, 2009, months beyond the expiration of the three year period of limitations.  Hence, Ochello's claims relating to the 2005 accident are barred, unless tolled as hereinafter discussed.

With regard to Ochello's April 18, 2006 accident, once again suit was originally filed on April 17, 2009, but was dismissed for failure to serve process.  Under Mississippi law, the filing of suit tolls the statute of limitations for 120 days.  *See Owens v. Mai,* 891 So.2d. 220, 223 (Miss. 2005).  The statute of limitations will begin to run after 120 days if the defendant has not been served with process.  *See id.*  However, approximately nine months expired between the expiration of I20 days and the filng of

the second complaint on May 17, 2010.  Based on these calculations, if Ochello knew or reasonably should have known on or before January 16, 2007, that his alleged damages exceeded the $25,000 limit under the Farm Bureau policy, Ochello's claim relating to the April 18, 2006 accident would also be time-barred.

      The court finds that Ochello unquestionably knew or reasonably should have known that he had an underinsured motorist claim against Liberty months prior to January 16, 2007.  Ochello's counsel contacted Farm Bureau's insured barely one month after the accident, on May 23, 2006.  Additionally, counsel's letter to Farm Bureau dated June 16, 2006, acknowledged the potential underinsured motorist claim against Liberty.  That letter clearly indicates that he knew, as of June 16, 2006, that any coverage less than $100,000 could result in an underinsured motorist claim.

      Further, although Ochello did not make a formal demand against Farm Bureau in excess of the Farm Bureau policy limits until nearly one year later, on June 13, 2007, the medical records he submitted to Farm Bureau were almost entirely (except for two pages) dated prior to January 16, 2007.  Thus, the plaintiff reasonably should have known long prior to January 16, 2007 that he had a possible underinsured motorist claim against Liberty arising out the 2006 accident.  Thus, once again, unless the limitations period was tolled, this claim is also time-barred.

      Ochello claims that, indeed, the limitation periods related to his claims, if not tolled, were certainly extended by actions of Liberty, or in his specific words, "reopened."  Ochello argues that this "reopening" of the limitations period occurred when Liberty sent a letter to Ochello, probably in late 2009, and another letter to Ochello's counsel on January 18, 2010.  These letters stated that Ochello may have

been entitled to additional payments under its "New Vehicle Replacement Coverage" provision of the subject policy. Each of the letters invited Ochello to make a claim under the Collision provisions of the policy.

The New Vehicle endorsement was part of Ochello's Collision Coverage and applied if certain conditions were met regarding the price paid for the destroyed vehicle and the replacement cost of the new vehicle. Ochello had acquired the New Vehicle Endorsement coverage for his 2005 Volkswagen Passet. Following the 2005 accident, Ochello purchased a 2006 Nissan Maxima. Only after Ochello replaced the 2005 Volkswagen Passet with the 2006 Nissan Maxima was the New Vehicle Endorsement triggered because of the difference in prices of the two vehicles.

Upon purchase of his Nissan Maxima, Ochello could have supplemented his claim for property damage to trigger this coverage. He did not, but because of a later audit conducted by Liberty, it recognized that coverage may have been triggered by the addition of the Maxima to his Policy. Thereafter, Liberty contacted Ochello about the coverage. On February 22, 2010, Ochello's counsel did make a formal claim on behalf of Ochello for this replacement cost coverage. On May 14, 2010, Liberty made an additional payment to Ochello in the amount of $5,840.19. Thus, Ochello contends that Liberty, "[b]y offering the Plaintiff the opportunity for additional payments under this policy, and by making said payment, Liberty Mutual either extended or reopened the statute of limitations on Plaintiff's claim." As an aside, the court notes that the 2006 accident involved another vehicle and thus has no relation to the payment made under this coverage.

In support of his contention, Ochello relies upon a single case which Liberty

contends is inapposite, *Parchman v. Amwood Products, Inc.*, 988 So. 2d 346 (Miss. 2008). *Parchman* involved the timeliness of a petition to controvert a workers' compensation claim. *See id.* at 348. The court held that the plaintiff's petition to controvert was not time-barred because the employer's continued payment of the plaintiff's salary "constituted payments made in lieu of workers' compensation benefits, and that these payments, in the place of workers' compensation benefits, tolled the two-year statute of limitations." *See id. at 351.* The Mississippi Supreme Court carved out a narrow exception limited to the workers' compensation context. It appears that the rationale for the tolling is that a worker had nothing to controvert since he was receiving workers' compensation indemnity payments. This case has no application under the facts of this case.

The law in this case is straightforward. The statute of limitations for uninsured claims accrues and begins running when the insured claimant knew or reasonably should have known that the alleged tortfeasor was an uninsured motorist. The statute of limitations for an underinsured motorist claim begins to run when it can be reasonably known that the damages suffered exceed the limits of insurance available to the alleged tortfeasor Ochello, and his counsel, knew, or reasonably should have known, when each of these events occurred relative to the two accidents. Thus, uninsured/underinsured claims arising out of either the 2005 or the 2006 accident are time-barred and the limitations period for neither was extended, tolled or "reopened" by the subsequent payment by Liberty in 2010.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary Judgment **[#55]** and the Supplemental Motion for Summary Judgment **[#63]** filed on

behalf of the defendant, Liberty Mutual Fire Insurance Company are granted and the plaintiff's Complaint is dismissed with prejudice.  A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

    SO ORDERED AND ADJUDGED this the 6th day of May, 2011.

                                      *s/Keith Starrett*
                                      UNITED STATES DISTRICT JUDGE